IN THE UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| ANTHONY BARRY HOPKINS, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-13-1496 |
| MTA BUS, *et al.*, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| ANTHONY BARRY HOPKINS, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-13-1378 |
| TAVON JONES a/k/a TOVONDIA JONES, | * | |
| Defendant. | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION[1]

Plaintiff has filed two separate lawsuits, one against the Maryland Transit Administration and a bus driver for negligently failing to prevent his stabbing aboard a bus and another against an MTA Police Officer for excessive force and failure to protect him from a known risk. The

---

[1] This Memorandum Opinion disposes of (1) Defendant Maryland Transit Administration's Motion to Dismiss the Complaint ("MTA's Mot."), ECF No. 12, and supporting Memorandum ("MTA's Mem."), ECF No. 12-1, and Plaintiff Anthony Barry Hopkins's Opposition ("Pl.'s MTA Opp'n"), ECF No. 14, in Civil Case No. PWG-13-1496, and (2) Defendant Tovondia Jones's Motion to Dismiss, or in the Alternative, for Summary Judgment ("Jones's Mot."), ECF No. 13, and supporting Memorandum ("Jones's Mem."), ECF No. 13-1, and Plaintiff's Opposition ("Pl.'s Jones Opp'n"), ECF No. 16, in Civil Case No. PWG-13-1378.

MTA has moved to dismiss under the Eleventh Amendment, on the grounds that it is immune from suit in federal court because it is an agency of the State of Maryland. The officer has moved to dismiss or for summary judgment on the grounds that she is not the person to whom Plaintiff refers in his Complaint. Because I agree with the MTA, its motion to dismiss is granted. However, because the officer simply has raised a dispute of fact, I deny her motion. Further, because Plaintiff has named additional state employees that he cannot be expected to identify on his own, I order the Assistant Attorney General to provide the necessary identifying information to allow Plaintiff to sue the proper defendants.

I. BACKGROUND

Plaintiff Anthony Barry Hopkins, an inmate in state custody,[2] has filed two related complaints, Civil Case Number PWG-13-1496 against MTA Bus and Elizabeth Adams (the "MTA Action") and Civil Case Number PWG-13-1378 MTA Police Officer Tavon Jones (the "Jones Action"). Because all Defendants who have appeared are represented by the same attorney, and because the facts of these two suits appear to be closely related, I am disposing of the motions pending in both cases in this single, consolidated Memorandum Opinion.

For purposes of considering Defendants' motions to dismiss, this Court accepts the facts that Plaintiff alleged in his complaints as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). In the MTA Action, Hopkins alleges that, on August 15, 2012, he was traveling on a bus

---

[2] Hopkins lists his address as "401 E. Eager Street, Baltimore, Maryland 21202," which is the address of the Baltimore City Detention Center ("BCDC"), *see* Am. Compl. 1. However, a search of the Maryland Department of Corrections Inmate Locator lists Hopkins as detained at the Maryland Correctional Institution in Jessup ("MCI–Jessup"). Inmate Locator, *Md. Dep't of Pub. Safety and Corr. Servs.*, http://www.dpscs.state.md.us/inmate/search.do?searchType=detail&id=618104 (last visited Sept. 8, 2014).

operated by Defendant Maryland Transit Administration ("MTA"),[3] bearing the coach number 10008 and traveling along local bus route 64 in Baltimore towards Energy Parkway. Am. Compl. (the "MTA Complaint") 3, MTA Action ECF No. 4. Shortly after 10:00 p.m., a passenger identified in the complaint as Marion Shepherd boarded the bus at or near the intersection of South Hanover Street and Reedbird Avenue and approached Hopkins with a knife. *Id.* Hopkins alleges that he ran towards "Mrs. E. Adams begging her to open the door," and she did nothing but watch as Hopkins was stabbed. *Id.*[4] As a result of the stabbing, Hopkins appears to allege that he required emergency medical treatment followed by rehabilitation and physical therapy. *Id.*

According to the Complaint in the Jones Action (the "Jones Compl."), Jones Action ECF No. 1, the next day, August 16, 2012, Hopkins was taken by MTA Police officers to "Central Booking," (which appears to refer to the Baltimore Central Booking and Intake Center operated by the Maryland Department of Public Safety and Correctional Services), *see* Jones Aff. ¶ 3, Jones Mem. Ex. 1, Jones Action ECF No. 13-3; *see also* Pl.'s Jones Opp'n 1, Jones Action ECF No. 16 (explaining that his motion relates to central booking within the "department of correction" when he "was transported 8-16-12 from Maryland shock trauma hospital.").

Hopkins alleges that he was put in an interrogation room in handcuffs by an MTA Police officer named Tavon Jones. Compl. 2. Hopkins, who alleges that he is "chemically imbalance

---

[3] Although Hopkins named "MTA Bus" as a defendant, Defendants have indicated that the appropriate party is the Maryland Transit Administration, which is a division of the Maryland Department of Transportation and which operates buses in Maryland. *See* Def.'s Mem. 1; About the MTA, *Maryland Transit Admin.*, http://mta.maryland.gov/about-mta (last visited Sept. 8, 2014).

[4] Though superseded by the allegations of the Amended Complaint, in his original complaint Hopkins identified the person who did not open the door as "the female [who] was driving." Compl. 3, MTA Action ECF No. 1.

and ha[s] a disability," asked what he was being detained for and was ignored, at which point he "started screaming." *Id.* In response, "he came in and push[ed] me backward and I fell straight hitting my head on the concrete floor[,] and he look at me and started laughing." *Id.*

In a separate paragraph, Hopkins also alleges that he was "suppose[d] to be kept separate from the assailant" but was put in contact with said assailant twice and was attacked. *Id.* at 4.[5] Hopkins said that he "beg[ged] their officer in command not to move me[,] that I feared for my life[,] and was attack[ed] in medical." *Id.*

Hopkins filed his *pro se* Jones Complaint in this Court on May 9, 2013, along with a Motion to Proceed *in Forma Pauperis* (the "Jones IFP Motion"), Jones Action ECF No. 2. On June 24, 2013, I granted the Jones IFP Motion and ordered the Clerk to mail the Complaint to the Assistant Attorney General for the Maryland Transit Administration ("MTA") in lieu of service. Order, Jones Action ECF No. 5. Defendant, through counsel and identifying herself as Tovondia Jones, filed a Motion to Dismiss or, in the Alternative, for Summary Judgment ("Jones's Mot.") on October 9, 2013, Jones Action ECF No. 13, with a supporting Memorandum ("Jones's Mem."), Jones Action ECF No. 13-1. Hopkins has filed an Opposition ("Pl.'s Jones Opp'n"), Jones Action ECF No. 16, and the time for Jones to reply now has passed, Loc. R. 105.2(a).

Hopkins filed his *pro se* Complaint in the MTA Action, along with a Motion to Proceed *in Forma Pauperis* (the "MTA IFP Motion"), in this Court on May 21, 2013. Compl., MTA Action ECF No. 1; MTA IFP Mot., MTA Action ECF No. 2. On June 3, 2013, I issued an order noting that Hopkins had not stated a cognizable claim and granting him twenty-eight days in which to supplement his Complaint, Order, MTA Action ECF No. 3, which he did on June 17, 2013, MTA Compl., naming as Defendant "MTA Bus operator PDSD-T580 Elizabeth Adams."

---

[5] Though not entirely clear from the pleadings, when Hopkins refers to his "assailant," it appears that he is referring to the individual who had stabbed him the night before.

4

On July 19, 2013, I granted Hopkins's IFP Motion and ordered the Clerk of this Court to serve Defendants by mailing process to the Assistant Attorney General for the MTA and ordering Defendants to respond to the Amended Complaint. Order, MTA Action ECF No. 9.

On September 9, 2013, the Court received a letter from Assistant Attorney General Eric Hartwig observing that the MTA Action appeared to reflect two Defendants, "MTA Bus and "Elizabeth Adams," and accepting service on behalf of the MTA. Letter to the Court from Eric Hartwig (the "Hartwig Letter") (Sept. 5, 2013), MTA Action ECF No. 11. However, the Hartwig letter also noted that "The MTA has reviewed its employment records and determined there is no one employed by MTA by the name of Elizabeth Adams," and Hartwig therefore has not accepted service for that Defendant. *Id.* at 1. There was no indication that Hartwig or the MTA attempted to identify the bus driver in question by means of the copious additional information that Hopkins provided (including the date and time of the incident, the bus's identification number, and the bus route number—from which it seems the MTA would have little difficulty determining the identity of the bus driver at the time of the incident).

On September 23, 2013, Defendant MTA filed a Motion to Dismiss the Complaint ("MTA's Mot."), MTA Action ECF No. 12, with a supporting Memorandum ("MTA's Mem."), MTA Action ECF No. 12-1. Hopkins responded ("Pl.'s MTA Opp'n"), MTA Action ECF No. 15, and the time for the MTA to reply now has expired, Loc. R. 105.2(a); the motion is ripe and now is before me. Having reviewed the filings, I find a hearing is unnecessary. Loc. R. 105.6.

## II. STANDARD OF REVIEW

### A. Subject Matter Jurisdiction

When a defendant moves to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, asserting that "a complaint simply fails to allege facts upon which subject

matter jurisdiction can be based," as MTA does here with respect to its sovereign immunity defense, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see Lutfi v. United States*, 527 F. App'x 236, 241 (4th Cir. 2013); *Fianko v. United States*, No. PWG-12-2025, 2013 WL 3873226, at *4 (D. Md. July 24, 2013). Thus, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *see In re KBR, Inc., Burn Pit Litig.*, 925 F. Supp. 2d 752, 758 (D. Md. 2013) (quoting *Kerns*, 585 F.3d at 192). "[W]hen 'jurisdictional facts are inextricably intertwined with those [facts] central to the merits, the [district] court should resolve the relevant factual disputes only after appropriate discovery.'" *Blitz v. Napolitano*, 700 F.3d 733, 739 (4th Cir. 2012) (quoting *Kerns*, 585 F.3d at 193). This Court must act "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citations omitted).

### B. Failure to State a Claim and Summary Judgment

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. March 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). However, if the Court considers matters outside the pleadings, the Court must treat the motion as a motion for summary judgment. Fed. R. Civ. P. 12(d); *Syncrude Canada Ltd. v. Highland Consulting Group, Inc.*, 916 F. Supp. 2d 620, 623 (D. Md. 2013).

"[A] district judge has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." *Sager v. Hous. Comm'n*, 855 F. Supp. 2d 524, 542 (D. Md. 2012) (quoting 5C Charles Alan Wright et al., *Federal Practice & Procedure* § 1633, at 159 (3d ed. 2004, 2011 Supp.)) "This discretion 'should be exercised with great caution and attention to the parties' procedural rights.' In general, courts are guided by whether consideration of extraneous material

'is likely to facilitate the disposition of the action,' and 'whether discovery prior to the utilization of the summary judgment procedure' is necessary." *Id.*

### C. Liberal Construction of *Pro Se* Filings

Plaintiff is proceeding *pro se* and his complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading a plausible claim. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–53 (4th Cir. 1977)). As stated by the Fourth Circuit:

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 372 U.S. 966 (1965); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). District courts are not required to be mind readers, or to conjure questions not squarely presented to them. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. 1992) (per curiam).

## III. DISCUSSION

### A. MTA's Motion to Dismiss

Defendant MTA moves to dismiss on sovereign immunity grounds pursuant to the Eleventh Amendment, which provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI; *see also* MTA's Mem. "While the Amendment by its terms does not bar suits against a state by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1975) (citations omitted); *see also Hans v. Louisiana*, 134 U.S. 1, 19 (1890). "Thus the rule has evolved that a

suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edleman*, 415 U.S. at 663 (citations omitted). Accordingly, such a suit only may be brought where the state expressly has consented to be sued in federal court or where a suit rests on an enactment pursuant to the Fourteenth Amendment. *See Beckham v. Nat'l R.R. Passenger Corp.*, 569 F. Supp. 2d 542, 549 (D. Md. 2008) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Fitzpatrick v. Bitzer*, 427 U.S. 554, 452–56 (1976)).

The MTA, as a division of the Maryland Department of Transportation, is an agency of the State of Maryland, and therefore is immune from suit in federal court under the same circumstances as the state itself would be. *See Weide v. Mass Transit Admin.*, 628 F. Supp. 247, 250 (D. Md. 1985) ("There is no doubt that the MTA is a state agency."). And although Md. Code Ann., Transp. § 7-702 provides for a judicial remedy with respect to the MTA, this Court consistently has held that § 7-702 is not sufficiently clear with respect to jurisdiction in federal court to constitute an Eleventh Amendment waiver. *Beckham*, 569 F. Supp. 2d at 551–52; *Weide*, 628 F. Supp. 2d at 251. Accordingly, notwithstanding the unfortunate and traumatic stabbing that Hopkins alleges, he simply cannot sue the MTA in this Court, and his claims as against the MTA must be dismissed.[6]

### B. Jones's Motion to Dismiss or for Summary Judgment

With respect to the Jones Action, Defendant has not made any arguments that Hopkins has not stated a valid claim under Rule 12(b)(6). And indeed, knocking over a handcuffed

---

[6] In an apparent exercise of caution, MTA also has argued that Hopkins has failed to state a claim under 42 U.S.C. § 1983, while acknowledging that such a claim might not be barred by the Eleventh Amendment. Def.'s Mem. 4. However, Hopkins's claim appears to sound as a garden variety tort claim, and therefore I need not address putative § 1983 claims that are not apparent from the Amended Complaint.

detainee so that his head strikes the floor clearly could support a claim for excessive force. *See Riley v. Dorton*, 115 F.3d 1159, 1166 (4th Cir. 1997) ("excessive force claims of pretrial detainees are governed by the Due Process Clause of the Fourteenth Amendment"), *abrogated on other grounds by*, *Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Wilkins*, 559 U.S. at 37 (serious injury not necessary for excessive force claim). Nor does Jones dispute the existence of a potentially valid claim for the failure to protect Hopkins from his "assailant." *See Farmer v. Brennan*, 511 U.S. 825, 533 (1994) (describing the duty of prison officials to protect inmates from violence at the hands of other prisoners).

Instead, Jones disputes the factual allegations of the Jones Complaint and argues instead that she "is not a party to this action and did not participate in Mr. Hopkin's [*sic*] arrest, interrogation, or detention." Def.'s Mot. 1. Jones states that she is a Detective in the MTA Police, but the Baltimore Central Booking and Intake Center ("Central Booking") is managed by the Maryland Department of Public Safety and Correctional Services, so once Hopkins was delivered to Central Booking, MTA Police no longer had custody or control of him. Jones Aff. ¶ 3, ECF No. 13-3. Moreover, Jones argues that Hopkins's allegations against a defendant described as "T. Jones #0149" and "Officer Tavon Jones," and referred to by masculine pronouns cannot be construed to state a claim against MTA Police Detective Tovondia Jones, Badge 0149, who is a woman. Def.'s Mem. 4–5. Finally, Jones argues that "the only document linking [her] to Mr. Hopkins's allegations is a video retrieval form signed by Detective Jones," Def.'s Mem. 4, which does not suffice to show that she played any role in Hopkins's arrest. Accordingly, Jones argues that she is not—and could not be—the proper defendant in this case.

Because Jones's motion rests entirely on factual contentions raised in her affidavit, to consider it would require me to convert her motion to one for summary judgment under Fed. R. Civ. P. 12(d). This is a matter of my "'complete discretion,'" and I decline to do so here.

First, the fact that Hopkins may have been imprecise in identifying Jones does not mean that he has failed to do so entirely. The Complaint clearly states that "officer Tavon Jones" was responsible for pushing Hopkins down, Compl. 2, and the summons prepared by Hopkins further identifies "T. Jones #0149." Summons, ECF No. 11. As a *pro se* litigant, he is entitled to have his complaint construed liberally, *Haines*, 404 U.S. at 520, and that solicitude particularly is justified in light of Hopkins's clear difficulties with writing and composing his arguments. Conversely, to pretend that Hopkins had not adequately identified an officer Tovondia Jones with the correct badge number would require a wilfully myopic reading of his complaint. Nor does the fact that Hopkins incorrectly has indicated Jones's gender—an error that may well result from poor linguistic skills or flawed memory from the stress of his arrest or recent stabbing—alter my analysis.

Second, the fact that an MTA Police Detective typically would hand a detainee over to the Department of Public Safety and Correctional Services at Central Booking has no bearing on whether, in this case, Jones actually assaulted Hopkins. And Jones's lack of any recollection of the events of Hopkins's arrest is an insufficient basis by which to disprove his allegations at this procedural stage. *See* Jones Aff. ¶ 4 (claiming "no recollection" of any role with respect to Hopkins). Even were I otherwise inclined to convert Jones's Motion to one for summary judgment, she has not shown that Hopkins could not support his case. *See Celotex v. Catrett*, 477 U.S. 317, 325 (1986).

11

With respect to Hopkins's failure to protect claim, it is less clear that he has stated a claim against Jones. In his Jones Opposition, Hopkins identifies Central Booking as within the Department of Public Safety and Correctional Services, Pl.'s Jones Opp'n 1, whereas Jones unquestionably is an MTA Police Detective, *see* Jones Aff. ¶ 3, and he has alleged that he told the "officer in command" of Central Booking of the danger of putting him together with his assailant, Jones Compl. 4. However, Jones's mere denial that she was that officer is not appropriate for consideration at the motion to dismiss stage; if discovery should show that she, in fact, is not the proper defendant, Hopkins may be required to amend his complaint to match the facts as they develop. Insofar as Jones actually contends that the Jones Complaint has named a different defendant—that is, the officer in command of Central Booking at the time that Hopkins was booked on August 16, 2012—I will address that issue *infra*.

### C. Identifying Defendants

Defense Counsel has relied heavily on claims that Hopkins has failed to name the proper defendants with respect to the claims he asserts. *See* MTA's Mem.; Jones's Mem. Although Counsel need not accept service on behalf of unknown or unidentified defendants, his rigidly narrow reading of the allegations in Hopkins's complaints cannot prevail, particularly where Hopkins is suing state employees based on information that readily would allow the proper defendants to be identified by the Office of the Attorney General by means that unquestionably are not at Hopkins's disposal.

With respect to the MTA Action, Hopkins has provided considerable information about his intended individual defendant: the woman he seeks to name was driving coach number 10008 along route 64 on August 15, 2012, and at 10:02 p.m. was near the intersection of South Hanover Street and Reedbird Avenue in Baltimore, heading toward Energy Parkway. MTA Compl. 3.

Although Hopkins apparently was incorrect in identifying her name as Elizabeth Adams, Hartwig Letter 1, he also provided an identification number, PDSD-T580, MTA Compl. 1. Even assuming that some of this information may not be correct, the statement that "there is no one employed by the MTA by the name of Elizabeth Adams" is, even if viewed charitably, evasive and pointedly disregards all the information pleaded by Hopkins from which the driver's proper identity could be ascertained. Accordingly, within fourteen days, the Assistant Attorney General shall cause to be undertaken a diligent review of MTA records and shall provide to the Court the identity and last known address of the driver described by Hopkins or, if a single driver cannot be identified, such information about the driver's likely identity as reasonably can be ascertained, or show cause why this information cannot be determined.

Similarly, it is not clear whether Hopkins intended to name Jones or some other person as the defendant with respect to the failure to protect claim in the Jones Complaint, and Jones has suggested that she may not be the proper defendant as a factual matter. *See* Jones Aff. ¶ 3. If it is Jones's position that the Jones Complaint actually describes a different state employee, it is the Assistant Attorney General, and not Hopkins, who is in the best position to know who that person is. Accordingly, if the "officer in command" of Central Booking at the time that Hopkins was booked on August 16, 2012 describes an identifiable person or group of identifiable persons, Defense Counsel shall cause to be undertaken a diligent review of the records of Central Booking and, within fourteen days, provide to the Court the identity of that person or persons or, if a single person or group of persons cannot be identified, such information about that person's likely identity as reasonably can be ascertained, or shall show cause why this information cannot be determined.

## IV. APPOINTMENT OF COUNSEL

At least some of Hopkins's claims now have survived a motion to dismiss: his excessive force claim will proceed against Jones, as may his failure-to-protect claim; his claim against the unidentified bus driver also remains, although once identified she may seek to dismiss it. Hopkins is proceeding *in forma pauperis*, *see* Order, Jones Action ECF No. 5; Order, MTA Action ECF No. 9, and pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Although the power to appoint counsel is a discretionary one, counsel should be appointed where an indigent litigant presents exceptional circumstances, to be determined from "the characteristics of the claim and the litigant." *Whisenant v. Yuan*, 739 F.3d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. District Court*, 490 U.S. 296 (1989). "If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Id.*

Hopkins's filings demonstrate that, notwithstanding potentially meritorious claims, he has great difficulty expressing himself in writing and he has stated that he suffers from mental disabilities. *See, e.g.*, Jones Compl. 2. From the record before me, it seems that he at least may lack the skill or ability to present this case to the Court, suggesting that it would be prudent to appoint pro bono counsel to assist him. Accordingly, pro bono counsel shall be appointed to represent Hopkins with respect to both of the above-captioned matters, pursuant to 28 U.S.C. § 1915(e)(1).

## V. CONCLUSION

For the reasons stated above, Defendant MTA's Motion to Dismiss shall be GRANTED and all claims against MTA DISMISSED; Defendant Tovondia Jones's Motion to Dismiss or, in the Alternative, for Summary Judgment, shall be DENIED.

Within fourteen (14) days, the Assistant Attorney General SHALL IDENTIFY the remaining defendants based on the information that Hopkins has provided and shall provide the name and last known address of all remaining defendants to the Court or, if their identities cannot be determined, such information about their identities as reasonably can be ascertained.

Hopkins SHALL BE APPOINTED pro bono counsel.

A separate order shall issue in each case.

Dated: September 16th, 2014

/S/
Paul W. Grimm
United States District Judge

dsy